**OBERMAYER REBMANN MAXWELL & HIPPEL LLP**
By: Nicholas Poduslenko (NJ. I.D. No. 037851987)
Samantha J. Koopman (NJ. I.D. No. 11042014)
1120 Route 73, Suite 420
Mt. Laurel, New Jersey 08054
(t) 215-665-3000
(f) 215-665-3065
np@obermayer.com
samantha.koopman@obermayer.com
*Attorneys for Plaintiff,*
*Michelle Tate*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHELLE TATE,**<br>70 Fairview Road,<br>Penn Valley, PA 19072<br><br>*Plaintiff,*<br><br>**v.**<br><br>**HOLTEC INTERNATIONAL, INC.**<br>KPS Technology Campus<br>1 Holtec Blvd.<br>Camden, NJ 08104<br>*Defendant.* | **Hon.:**<br><br>**No.:** |

## COMPLAINT

Plaintiff, Michelle Tate ("Plaintiff" or "Ms. Tate") submits this Complaint for damages against Defendant, Holtec International, Inc. ("Holtec"). In support thereof, Ms. Tate avers as follows:

## INTRODUCTION

1. Ms. Tate brings this action to recover damages for wages rightfully owed to her under the terms of her employment and New Jersey law.

2. Specifically, between 2020 and 2024, Ms. Tate was employed by Holtec. According to the terms of her employment agreement, Ms. Tate was to be paid an annual base salary, along with a "guaranteed bonus," calculated pursuant to a specific formula set forth in the agreement.

3. Holtec repeatedly failed to timely pay Ms. Tate the full amount of her bonus earned for years 2020, 2021 and 2023.

4. When she began to question her unpaid bonuses, Holtec demoted her from her executive position and thereafter fired her under false pretenses.

5. To date, despite acknowledging Ms. Tate is owed an incentive bonus for year 2023, Holtec refuses to pay her anything, let alone the amount she is owed under her employment agreement.

6. Accordingly, Ms. Tate has no choice but to bring this lawsuit to obtain her earned bonuses and well as seek damages from Holtec due to their unlawful withholding of wages and retaliatory termination.

## PARTIES

7. Ms. Tate is a natural person, with an address of 70 Fairview Road, Penn Valley, PA 19072.

8. Holtec is a Delaware corporation with a business address of KPS Technology Campus, 1 Holtec Blvd., Camden, NJ 08104.

## JURISDICTION AND VENUE

9. This Court has personal jurisdiction over Holtec because it is a Delaware corporation headquartered in New Jersey and that personally avails itself of New Jersey's benefits, privileges, and protections by conducting business in this forum.

10. This Court has diversity subject matter jurisdiction over this matter under 20 U.S.C. § 1332 because Ms. Tate and Holtec are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

11. Venue is proper in this District under 20 U.S.C. § 1391 because Holtec is headquartered in New Jersey, a substantial portion of the transactions and wrongs complained of herein occurred in this District, and Holtec has received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

12. Lastly, the agreement in question provides "that the federal … courts of the State of New Jersey shall have exclusive jurisdiction."

**FACTS**

13. Holtec is an international company that, among other things, manufactures canisters to hold spent nuclear fuel and is involved with the decommission of nuclear reactors.

14. In the winter of 2019, Ms. Tate was hired by Holtec as its Chief Investment Officer ("CIO").

15. As CIO, Ms. Tate was responsible for strategy, capital allocation, fiduciary oversight and the overall performance for the investment holdings for the Decommissioning Trust Funds ("DTF's") held or managed by Holtec and /or any subsidiary of Holtec.

16. The terms of Ms. Tate's employment are governed by the Confidential Offer and Acceptance of Employment (Holtec Form HR-5) (the "Employment Agreement") and the accompanying Conditions of Employment (Form HR-11) ("Conditions"). True and correct copies of the Employment Agreement and Conditions are collectively attached hereto as Exhibit "A" and will be filed under seal.

17. In terms of her compensation, the Employment Agreement contemplated a base salary plus a guaranteed / incentive bonus. *See* Employment Agreement, p. 2.

18. The guaranteed / incentive bonus is to be computed pursuant to a specific formula set forth in the Employment Agreement.

19. The Employment Agreement further provides that the guaranteed / incentive bonus will be paid by a specific date.

20. Calendar year 2020 was a profitable year, and Holtec was obligated to pay Ms. Tate her bonus calculated in accordance with, and by the date set forth within, her Employment Agreement.

21. After not receiving any of her earned bonus by the required date, Ms. Tate sought redress from her superiors concerning the failure to timely pay her the bonus she was entitled to. It was only thereafter that Holtec finally paid Ms. Tate a portion of her earned bonus – nearly three months after Holtec was contractually obligated to remit such payment. However, Holtec, improperly and without justification withheld a portion of the bonus owed to Ms. Tate.

22. Likewise, calendar year 2021 was a profitable year, and Holtec was obligated to pay Ms. Tate her incentive bonus calculated in accordance with, and by the date set forth within, her Employment Agreement.

23. After not receiving the remaining portion of her earned bonus for 2020 and any of her earned bonus for 2021 by the required date, Ms. Tate sought redress from her superiors concerning the failure to timely and completely pay her the bonuses she was entitled to. It was only thereafter that Holtec finally paid Ms. Tate a portion of her earned bonus for 2021 – but not until much later in 2022. However, yet again, Holtec, improperly and without justification withheld a portion of the 2021 bonus owed to Ms. Tate.

24. Ms. Tate did not receive any bonus for calendar year 2022.

25. Throughout this time and continuing into 2023, Ms. Tate questioned her superiors regarding Holtec's failure to timely remit full payment for her 2020 and 2021 guaranteed / incentive bonuses, as well as the bonus structure itself.

26. Specifically, she had extensive conversations with both Dr. Krishna Singh and Martin Babos regarding Holtec's failure to pay her complete bonuses for 2020 and 2021, and the market in general for years 2022 and 2023. During these communications, Mr. Babos advised Ms. Tate that once the Decommissioning Trust Funds (i.e., DTFs) recovered from the 2022 losses, Holtec would resume issuance of payments, including the remaining guaranteed/incentive bonuses owed from 2020 and 2021.

27. In December of 2023, Ms. Tate finally received her remaining bonus amounts from 2020 and 2021. Holtec did not make any adjustments for inflation despite paying these amounts years after they were due to Ms. Tate.

28. 2023 was a profitable year for Holtec, where Ms. Tate should have received her incentive bonus by the date set forth within her Employment Agreement.

29. After performing her employment obligations, according to the formula set forth in her Employment Agreement, Holtec was obligated to pay Ms. Tate a 2023 bonus in excess of $500,000 by the date set forth in her Employment Agreement.

30. In early 2024, Ms. Tate continued to voice concern over the bonus structure, as well as Holtec's failure to timely and completely remit full payment to Ms. Tate, including her earned 2023 bonus.

31. Ms. Tate worked tirelessly and in good faith to reach a resolution with Holtec regarding the payment of her bonus for 2023.

32. In February of 2024, Holtec demoted Ms. Tate, advising that the CIO position would be eliminated and refusing to provide any clarity as to what her new position or job responsibilities would entail. Shortly thereafter, in early March, Holtec fired Ms. Tate.

33. Despite the continued good faith efforts of Ms. Tate following her termination, Holtec has refused to pay Ms. Tate the 2023 bonus for which she is entitled to.

34. What makes Holtec's conduct particularly egregious is that it does not dispute that monies are owed to Ms. Tate; yet, Holtec refuses to make any payment to Ms. Tate.

35. As a result, Ms. Tate has no choice but to pursue these claims in court.

## COUNT I – BREACH OF CONTRACT

36. Ms. Tate restates and incorporates by reference the foregoing allegations as though fully set forth herein at length.

37. Ms. Tate and Holtec are parties to the Employment Agreement.

38. The Employment Agreement contemplates the payment of bonuses and sets forth a specific formula to be utilized when calculating such yearly bonus.

39. The Employment Agreement further requires that the preceding years bonus be paid by a date certain of the following year.

40. Holtec failed to comply with the terms of the Employment Agreement when it refused to timely and completely pay Ms. Tate the bonus she earned for calendar years 2020 and 2021.

41. Holtec further failed to comply with the terms of the Employment Agreement when it refused to pay Ms. Tate the bonus she earned for calendar year 2023.

42. As a direct and proximate result of the aforementioned breaches, Ms. Tate has suffered and continues to suffer damages.

## COUNT II – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

43. Ms. Tate restates and incorporates by reference the foregoing allegations as though fully set forth herein at length.

44. Every contract in New Jersey has an implied covenant of good faith and fair dealing.

45. Holtec failed to comply with the Employment Agreement and breached the implied covenant by failing to timely and completely remit payment to Ms. Tate for sums due to her under the terms of her Employment Agreement.

46. Holtec further acted in bad faith by refusing to pay Ms. Tate any bonus for 2023, notwithstanding admitting that such bonus is due to her.

47. As a direct and proximate result of the aforementioned breaches, Ms. Tate has suffered and continues to suffer damages.

**COUNT III – VIOLATION OF NEW JERSEY WAGE PAYMENT LAW – FAILURE TO PAY WAGES**

48. Ms. Tate restates and incorporates by reference the foregoing allegations as though fully set forth herein at length.

49. Ms. Tate has earned wages through her Employment Agreement in the form of annual guaranteed / incentive bonuses for her work in 2020, 2021 and 2023, which were to be paid by a date certain as set forth in the Employment Agreement.

50. Without excuse or justification, Holtec willfully failed to pay Ms. Tate timely and in full for her bonuses earned in 2020 and 2021 by the time set forth in the Employment Agreement.

51. Further, without excuse or justification, Holtec willfully failed to pay Ms. Tate any of her bonus earned for 2023.

52. As a direct and proximate result of the aforementioned conduct, Ms. Tate has suffered and incurred the loss of wages, attorneys' fees and costs, and other damages.

**COUNT IV – VIOLATION OF NEW JERSEY WAGE PAYMENT LAW – RETALIATION**

53. Ms. Tate restates and incorporates by reference the foregoing allegations as though fully set forth herein at length.

54. At all relevant times, Holtec has and continues to be an employer as defined by the New Jersey Wage Payment Law.

55. During her employment, Ms. Tate engaged in a protected activity by expressly complaining to Holtec's management regarding its failure to timely and completely pay her the guaranteed incentive bonus she was entitled to under the terms of her Employment Agreement.

56. Holtec retaliated against Ms. Tate by continually failing to timely and completely pay her wages due to owe, demoting her and ultimately terminating her in substantial part because of her complaints to Holtec regarding its failure to timely and completely pay her monies due.

57. Ms. Tate's termination was within 90 days of her complaining about Holtec's failure to timely and completely pay her wages owed for 2023.

58. As a direct and proximate result of the aforementioned conduct, Ms. Tate has suffered and incurred the loss of wages, attorneys' fees and costs, and other damages.

## PRAYER FOR RELIEF

59. WHEREFORE, Plaintiff, Michelle Tate, respectfully requests judgment in her favor and against defendant, Holtec International, Inc., and asks that the Court:

a. Award compensatory damages in an above to be proven at trial;

b. Award punitive, exemplary, liquidated and treble damages;

c. Award pre-judgment interest and attorneys' fees and costs; and,

d. Award such other relief to which Ms. Tate may be entitled or as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Ms. Tate hereby demands a jury trial on all issues and claims so triable.

Respectfully submitted,

OBERMAYER REBMANN
MAXWELL & HIPPEL LLP

***/s/ Nicholas Poduslenko***

Nicholas Poduslenko (NJ. I.D. No. 037851987)
Samantha J. Koopman (NJ. I.D. No. 11042014)
1120 Route 73, Suite 420
Mt. Laurel, New Jersey 08054
(t) 215-665-3000
(f) 215-665-3065
np@obermayer.com
samantha.koopman@obermayer.com

*Attorneys for Plaintiff,*
*Michelle Tate*